UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

**Timothy Blake And Dawn Blake**    Case No. 10-81552
                                    Chapter 13

Social Security No. xxx-xx-6428 and xxx-xx-1710
Address: 801 Avalon Rd., Durham, 27704-

Debtors

**Timothy Blake & Dawn Blake**

Plaintiffs,    A.P. No.: _____

**Angel Acceptance, L.L.C.**

Defendant.

## COMPLAINT OBJECTING TO CLAIM
## AND TO DETERMINE VALIDITY OF LIEN

The Plaintiffs, above-named, respectfully allege as follows:

1. That this matter is a core proceeding pursuant to 28 U.S.C. § 157, and that the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2. This Complaint was filed, pursuant to 11 U.S.C. §§ 502(b)(1) and 506(d), and in accordance with Bankruptcy Rule 7001, for the purpose of determining the validity of the lien held by Angel Acceptance, L.L.C.

3. The Plaintiffs filed this bankruptcy case on August 30, 2010, seeking protection under Chapter 13 of Title 11 of the United States Code.

4. The Defendant Angel Acceptance, L.L.C is, upon information and belief, a corporation with an office and principal place of business located, as indicated on its Proof of Claim, at Post Office Box 57676, Raleigh NC 27658.

5. The Plaintiffs own 1999 Chevrolet Suburban, VIN 3GNEC16R7XG245996.

6. The fair market value of the said property is not greater than $2,780.00.

7. That said vehicle is, upon information and belief, registered with the North Carolina Division of Motor Vehicles.

8. That pursuant to 11 U.S.C. § 501 (a), on or about September 7, 2010, the Defendant

filed a Proof of Claim in the Plaintiffs' bankruptcy case, asserting that it holds security interest in such property with a payoff balance, as of the date this case was filed in the amount of approximately $6,056.38.

9. Said Proof of Claim does not contain evidence of a validly perfected, non-preferential lien.

10. That pursuant to N.C.G.S. § 20-58(a)(2), if a vehicle is registered in North Carolina, a security interest is perfected only if:

   ... the application for notation of a security interest shall be in the form prescribed by the Division, signed by the debtor, and contain the date of application of each security interest, and name and address of the secured party from whom information concerning the security interest may be obtained. The application must be accompanied by the existing certificate of title unless in the possession of a prior secured party. If there is an existing certificate of title issued by this or any other jurisdiction in the possession of a prior secured party, the application for notation of the security interest shall in addition contain the name and address of such prior secured party. An application for notation of a security interest may be signed by the secured party instead of the debtor when the application is accompanied by documentary evidence of the applicant's security interest in that motor vehicle signed by the debtor and by affidavit of the applicant stating the reason the debtor did not sign the application. In the event the certificate cannot be obtained for recordation of the security interest, when title remains in the name of the debtor, the Division shall cancel the certificate and issue a new certificate of title listing all the respective security interests.

11. That Defendant has not presented sufficient comment evidence that it has an authenticated security interest from the Debtor nor that it holds a validly perfected lien, recorded in compliance with N.C.G.S. § 20-58(a)(2).

12. Accordingly, the security interest of the Defendant is unenforceable.

13. Pursuant to 11 U.S.C. § 502(b)(1) the secured claim of Defendant should be disallowed as it is "unenforceable against the debtor and property of the debtor, under ... applicable law for a reason other thank because such claim is contingent or unmatured...."

14. Pursuant to 11 U.S.C. 506 (d) such claim is not being disallowed:
    a. Pursuant to 11 U.S.C. § 502(b)(5), which relates to debts that are unmatured on the date of filing and are excepted from discharge under 11 U.S.C. § 523(a)(5);
    b. Pursuant to 11 U.S.C. § 502(e), which relates to claims for reimbursement or contribution of an entity that is liable with the debtor or has secured the claim of a creditor; nor
    c. Due only to the failure of any entity to file a Proof of Claim under 11 U.S.C. § 501.

15. In turn, pursuant to 11 U.S.C. 506(d), the lien securing said loan is void.

**WHEREFORE**, the Plaintiffs pray the Court find that said claim held by Angel Acceptance L.L.C.,

which is secured by a lien upon said property, to be void, and that said claim should therefore be an unsecured claim for the purpose of this Chapter 13 case. The Plaintiff further prays that the Court order Angel Acceptance L.L.C. to cancel the said lien forthwith. Further, the Plaintiffs pray that Angel Acceptance L.L.C. be stayed from filing an amended Proof of Claim during the pendency of this Adversary Proceeding. The Plaintiffs additionally pray that the attorney for the Plaintiffs be awarded attorneys fees to be paid from the assets of the estate pursuant to 11 U.S.C. § 330(a)(4)(B) and that the Court grant such other and further relief as to the Court seems just and proper.

Dated: November 3, 2010

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Edward Boltz
Edward Boltz
Attorney for the Plaintiffs
North Carolina State Bar No.: 23003
1738-D Hillandale Rd.
Durham NC 27705
(919) 286-1695
eboltz@johnorcutt.com